IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:17-987-JMC |
| | ) | |
| | ) | 18 U.S.C. § 1341 |
| vs. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| DOUGLAS WADE WILLIAMSON | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| | ) | |
| | ) | INFORMATION |
| | ) | |
| | ) | |

## COUNT 1

THE UNITED STATES ATTORNEY CHARGES:

### CONSPIRACY

1. From at least in or about January 2006 and continuing through the date of this Information, in the District of South Carolina and elsewhere, DOUGLAS WADE WILLIAMSON and others, both known and unknown, knowingly did conspire and agree together to commit violations of federal law:

   A. knowingly and willfully devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and in furtherance of this scheme, did use and cause to be used the United States mail and common carriers, in violation of Title 18, United States Code, Section 1341;

B.  knowingly and willfully devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate commerce, any writings, signs, signals, pictures or sounds for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343;

### OBJECT OF THE CONSPIRACY

10. The object of the conspiracy was for the defendant, DOUGLAS WADE WILLIAMSON and others, both known and unknown, using the U.S. Mail and interstate wires, to submit or cause to be submitted materially false applications for life insurance in an effort to have life insurance policies issued and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME AND ARTIFICE TO DEFRAUD

11. It was part of the scheme and artifice that the defendant, DOUGLAS WADE WILLIAMSON, and others, both known and unknown, would travel to North Augusta, South Carolina, and other locations for the purposes of writing life insurance policies.

12. It was further part of the scheme and artifice to defraud that the defendant, DOUGLAS WADE WILLIAMSON, made material misrepresentations on the life insurance applications to include: falsifying insurable interest, falsifying income and net worth, not checking the customer's driver's identification, not providing correct identifiable information on the policies, providing the beneficiary's mailing address as the insured's address, claiming that the insured had no other policies in force, falsifying or omitting health information, and fraudulently

claiming the insured had mortgage(s) on their homes.

## OVERT ACT

13.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed;

    a.    On or about April 3, 2014, the defendant, DOUGLAS WADE WILLIAMSON, wrote an application for a $250,000 policy on Mary G. Carroll, On this application Williamson claimed Carroll made $57,000 a year and had a net worth of $284,000, knowing in truth and in fact this was untrue and false.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE

CONSPIRACY:

Upon conviction to violate Title 18, United States Code, Section 371 (conspiracy to commit mail fraud and wire fraud) as charged in this Information, the Defendant, WADE WILLIAMSON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such property. The property subject to forfeiture includes, but is not limited to, the following:

> Money Judgment/Proceeds:
> A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Information, and all interest and proceeds traceable thereto, and/or that such sum equals all property traceable to their violations of 18 U.S.C. § 371.

SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the Defendants:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third party;
> c. has been placed beyond the jurisdiction of the court;
> d. has been substantially diminished in value; or
> e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

*[signature: JD Rowell for]*   (jhm)
BETH DRAKE
UNITED STATES ATTORNEY