UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:17-cr-00987-JMC |
| v. ) | |
| ) | |
| DOUGLAS WADE WILLIAMSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**RESPONSE TO GOVERNMENT'S MOTION FOR SUMMARY JUDGEMENT**

**To:  The Honorable J. Michelle Childs**
*District Court Judge for the District of South Carolina*

Undersigned counsel respectfully submits this Response to the government's Motion for Summary Judgment. Docket No. 64. The gravamen of the government's argument appears to be that trial counsel did not render ineffective assistance of counsel because the opinions in these other three circuits are unpublished and unbinding on this Court. With all due respect to the government, it appears the government misconstrues Williamson's argument.

The claim Williamson raises for this Court's consideration is that the government did not prove an intended economic loss *at all* in this case. And, had plea counsel conducted legal research on this claim, he would have found these three cases that clearly indicate why the government's method of calculating intended loss in this case was misguided.[1] Trial counsel rendered ineffective assistance of counsel by

---

[1]     Undersigned counsel found the *Bazemore* case by simply reviewing the U.S. Sentencing Commission's Primer on Loss Calculations under §2B1.1(b)(1).

1

failing to properly argue that the government failed to meet its burden of proving intended economic loss. To be clear, the Fourth Circuit has not addressed this precise claim, but intended loss is defined in the guidelines as "pecuniary harm that the defendant *purposely* sought to inflict. USSG §2B1.1, comment (n.3(A)(ii)) (emphasis added). As the Court in *Bazemore* reasoned, the amount of money put at risk by a defendant in a scheme of Williamson's nature, is not the full amount of the life insurance policy because, if the insurance policy lapses, the insurer can retain the premiums and withhold benefits. Williamson did not *purposely intend* to create an economic loss equal to the face values of the insurance policies he sold. As an experienced insurance salesman, he knew that the purchasers of the policies would have to make consistent premium payments to receive coverage. This is why the three other federal district courts who have addressed this claim find it necessary to include premiums anticipated to be paid by the purchasers in the intended loss calculations, and why the method employed here overstates Williamson's culpability.

The government's argument, which would allow defendants in the Fourth Circuit to be held accountable for higher levels of intended economic loss than defendants in the Second, Sixth, and Eighth Circuits, undermines a core principle of the Federal Sentencing Guidelines -- that similarly situated defendants be treated similarly. *See* 18 U.S.C. §3553(A)(6) (a court should consider as a sentencing factor "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."). This Court should reject the government's argument.

## CONCLUSION

Respectfully, this Court should deny the government's motion for summary judgment and grant relief to Mr. Williamson by ordering a new sentencing proceeding that takes into account the actual and intended premiums payments made by the policy holders to offset the intended loss calculations currently attributed to Mr. Williamson. Only then can a proper intended loss calculation be established which will drive Mr. Williamson's ultimate prison sentence, if any.

    Respectfully submitted,

    /s/ Elizabeth Franklin-Best
    Blume Franklin-Best & Young, LLC
    900 Elmwood Avenue, Suite 200
    Fed ID #9969
    Columbia, South Carolina 29201
    (803) 765-1044
    betsy@blumelaw.com

June 4, 2019
Columbia, South Carolina

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of this motion on the AUSA by filing via ECF on this date, June 4, 2019.

    Respectfully submitted,

    /s/ Elizabeth Franklin-Best
    Blume Franklin-Best & Young, LLC
    900 Elmwood Avenue, Suite 200
    Fed ID #9969
    Columbia, South Carolina 29201
    (803) 765-1044
    betsy@blumelaw.com

April 8, 2019