IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:17-cr-00987 |
| | ) | |
| | ) | GOVERNMENT'S MEMORANDUM |
| v. | ) | IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| DOUGLAS WADE WILLIAMSON | ) | |

The Government would oppose the motion for compassionate release from the Federal Bureau of Prisons ("BOP") filed by DOUGLAS WADE WILLIAMSON. (ECF #68. The Government submits that this Court lacks jurisdiction to hear the defendant's claim, and that even if jurisdiction had attached, the defendant has failed to show an "extraordinary and compelling" reason to justify such relief. The defendant's motion for reduction of sentence should be denied.

### FACTUAL AND PROCEDURAL HISTORY

The defendant was sentenced to 60 months and his release date is November 28, 2023 - he has done just over seven months of his sentence or 12.3%. As of April 8, 2020, he has not filed any remedial request or demand, nor has the time requirement been meet to show exhaustion, which is required for this Court to have jurisdiction.

### LEGAL AUTHORITY

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)     extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Further, 28 U.S.C. § 994(t) provides:  "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Accordingly, the relevant policy statement of the Commission is binding on the Court. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)  Medical Condition of the Defendant.—

  (i)  The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii)  The defendant is—

   (I)   suffering from a serious physical or medical condition,
   (II)  suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.—

  (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

For its part, consistent with note 1(D), BOP promulgated Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf , amended effective January 17, 2019, to set forth its evaluation criteria.

Program Statement 5050.50 contains standards that are both more extensive than and slightly different from those stated in the Section 1B1.13 policy statement. For instance, the program statement defines a "debilitated medical condition" as one where the inmate is "[c]ompletely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or [c]apable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." *Program Statement 5050.50 at 5*.

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted).

## **DISCUSSION**

### 1. *The Court lacks jurisdiction*

As a dispositive matter, the defendant has not exhausted his administrative remedies with the BOP, nor has he waited the requisite 30 days after filing his motion with BOP, thus this Court lacks jurisdiction to grant his claim. Claims the   claims that, "courts are no longer required to wait on the Bureau of Prisons to act." He fails to cite any support for this contention. The First Step Act added a provision to § 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly to a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). *United States v. Hilton*, CR No.1:18-324, 2020 WL 836729, at *2 (M.D.N.C. Feb. 20, 2020). While the court may act after exhaustion of administrative remedies, or if the BOP fails to respond to the inmate's appeal, the act clearly

requires inmates to address their contentions first with the BOP and allow it time to address the issue.1 The defendant has failed to do so. As of April 8, 2020 the BOP had received no administrative filings and their Reduction in Sentence Database showed no claims received from the defendant. The BOP has the best vantage point to assess not only the situation in their facilities, but also address the defendant in the institution he is currently housed – as well as other institutions that he could be transferred. Therefore, the defendant cannot show that he has "fully exhausted all administrative rights," or that 30 days have elapsed since the warden's receipt of his request.

As described in Program Statement 5050.50, the BOP conducts an extensive assessment of a request for compassionate release. For instance, with regard to a request based on medical condition, BOP gathers and considers the details of the condition and prognosis, including all relevant test results, consultations, and referral reports/opinions, as well as the inmate's plan for release (including where the inmate will reside upon release and how he/she will continue to obtain and pay for treatment). The defendant has failed to provide the BOP with sufficient time to conduct an assessment of defendant's request and to determine whether he qualifies for a reduction. The defendant is not housed in BOP medical facility. Assuming *arguendo* that defendant suffers from his complained ailments, it does not appear that he has requested reassignment to a medical treatment facility, nor does he present any evidence suggesting that a BOP medical facility would be incapable of caring for him. Instead, he immediately seeks the extraordinary remedy of compassionate release.

The Third Circuit Court of Appeals recently denied a motion similar to defendant's on

---

1 Should this Court conclude the exhaustion requirement of § 3582(c)(1)(A) is not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced where properly raised. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam) (holding Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a nonjurisdictional but mandatory claim-processing rule). The Government raises the rule here, and it must be enforced.

these grounds:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [the defendant]. But the mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP 'prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,' we anticipate that the exhaustion requirement will be speedily dispatched in cases like this one.

*United States v. Raia*, 2020 WL 1647922 (3d Cir. Apr. 2, 2020) (citations omitted). The defendant has not "fully exhausted all administrative rights," and 30 days have not elapsed since the warden's receipt of his request. This Court therefore lacks jurisdiction to consider his motion for sentence reduction.

  2. *The defendant fails to present extraordinary and compelling reasons justifying release*

Setting aside the Court's lack of jurisdiction, the defendant also fails to assert proper grounds for compassionate release. The defendant seeks compassionate release based upon his assertions claims of low back pain, high blood pressure, and hypoglycemia.[2] The defendant fails to provide any medical support for his claims – that it his condition is extraordinary, making it impossible for the Government to respond specifically to his contentions. However, a specific analysis of each medical claim is unnecessary as the defendant has failed to make a *prima facia* showing that any of his alleged ailments are debilitating medical conditions that would warrant compassionate release.

---

  2 There is a note from a physician who states that he has not seen the defendant since November 2018, stating the defendant was treated for diabetes. Diabetes requires constant attention and medication – which is not mentioned in the PSR – in fact diabetes is mentioned in the PSR as related to the defendant's mother. Regardless, this is the reason the BOP is in an infinite better position to evaluate the defendant's claims.

The Sentencing Commission may recognize two circumstances related to the medical condition of the defendant. First, the Commission describes an inmate "suffering from a terminal illness (*i.e.*, a serious or advanced illness with an end of life trajectory)." The Sentencing Commission noted that "[e]xamples include metastatic solid—tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." Second, the Commission identifies a circumstance in which "[t]he defendant (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Program Statement 5050.50*. The common denominator is "a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within a correctional facility." The defendant has failed to show or allege that he is unable to self-care, or is totally confined to a bed or chair. He has likewise failed to show or allege that he is capable of only limited self-care or is confined to a bed or chair more than 50% of waking hours. As such, he has not made showing that "extraordinary and compelling reasons" exist to justify compassionate release.

Denial of compassionate release in this matter is consistent with the emerging case law following passage of the First Step Act. Recently, BOP has granted an increased number of requests to file motions for compassionate release. Courts have denied similar motions when defendants are unable to show extraordinary and compelling reasons. *See, e.g., White v. United States*, 2019 WL 2067223, at *2 (W.D. Mo. May 9, 2019) (petitioner suffers from macular degeneration and knee problems; court holds petitioner did not meet his burden to prove that he is currently suffering from a serious medical condition that substantially diminishes his ability to provide for self-care within the prison environment); *United States v. Clark*, 2019 WL 1052020,

at *3 (W.D.N.C. Mar. 5, 2019) (defendant suffers from declining health, diabetes, kidney failure, and back problems requiring a walker; court holds that, even assuming defendant is suffering from a serious physical or medical condition or deteriorating physical health due to age, she still falls short of the "extraordinary and compelling" standard because she has not demonstrated that her condition substantially diminishes her ability to provide self-care within the corrections environment or that she is not expected to recover); *see also United States v. Gutierrez*, 2019 U.S. Dist. LEXIS 96796, at *9 (D.N.M. June 10, 2019) (court puts "great weight" on BOP's decision to deny relief); *cf United States v. Morgan*, 2019 WL 1427538, *2 (D. Nev. Mar. 29, 2019).

The defendant's argument is at bottom, is one of false equivalency: that the BOP is somehow the same as Iranian jails or Chinese prison camps. His argument is that the compelling reason is due to COVID-19 infections at Butner. Taking this argument on face, all prisoners at Butner should be released due to the pandemic - this simply pushes the bounds of credulity. The compassionate release statute looks at the individual, the facts as supplied by the defendant is that he does not want to be in prison, he is in his 50s and has not taken the best care of himself. Notwithstanding the legitimacy of these complaints, he fails to assert that his condition makes him disabled or unable to provide self-care. The defendant does not even make a claim that he is "particularly vulnerable to contracting COVID-19," or that he is more likely to contract the disease than any other inmate or staff member. As stated above, compassionate release is for an inmate that "**is** suffering from a serious medical condition." (emphasis added). The plain text of the First Step Act provides a vehicle to address a unique individual's condition who is suffering from a serious medical condition, not provide a generic claim that COVID-19 or any other disease may be contracted by an individual. Inmates throughout the Bureau of Prisons may have an increased vulnerability to a myriad of disease, such as a genetic predisposition to diabetes, or Alzheimer's disease. However, there is nothing in the statute to suggest that the possibility of developing a

dieses or condition warrants compassionate release. Therefore, the defendant has not articulated an extraordinary and compelling reason for the reduction of his sentence, and his motion should be denied.

        Respectfully Submitted,

        PETER M. MCCOY, JR.
        UNITED STATES ATTORNEY

        BY: s/ Jim May
        James Hunter May
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:17-cr-00987 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS WADE WILLIAMSON | ) | |

I hereby certify that I am an employee of the Office of the United States Attorney for the District of South Carolina and I am a person of such age and discretion as to be competent to serve papers. On April 15, 2020, I caused to be served one true and correct copy of the GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on the following person(s):

> Douglas Wade Williamson
> Inmate No. 32927-171
> FCI Butner Medium I
> Federal Correctional Institution
> P.O. Box 1000
> Butner, NC  27509

                    s/Jim May
              James "Jim" Hunter May (FID #11355)
                Assistant United States Attorney