IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No.: 1:17-cr-987-JMC-1[1] |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| DOUGLAS WADE WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Douglas Wade Williamson is a prisoner currently serving a sentence of sixty (60) months in the Bureau of Prisons ("BOP"). (*See* ECF No. 52.)

This matter is before the court pursuant to Williamson's Motion for Reconsideration. (ECF No. 89.) Specifically, Williamson seeks reconsideration of the court's Order (ECF No. 87) entered on February 9, 2021 (the "February Order"), denying his Motion to Reduce Sentence under 18 U.S.C. § 3582 (ECF No. 85).[2] For the reasons set forth below, the court **DENIES** Williamson's Motion for Reconsideration.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

This case arises out of the Government's prosecution of Williamson for his role in a scheme that defrauded insurance companies using policies containing false or fraudulent information. (*See, e.g.*, ECF No. 51 at 9.) On April 30, 2018, the court accepted Williamson's request to be

---

[1] This matter is related to the case of *Williamson v. United States*, Civil Action No. 1:19-cv-01035-JMC.

[2] Motions under th[is] section have been called 'motions for compassionate release.'" *United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020) (citation omitted). "'The compassionate release provisions were . . . intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *Id.* (citation omitted).

1

allowed to plead guilty to an Information charging conspiracy in violation of 18 U.S.C. § 371.[3] (*See* ECF Nos. 35, 36, 40, 41.) On December 7, 2018, the court sentenced Williamson to a term of sixty (60) months imprisonment. (ECF Nos. 50, 52.) The court entered the Judgment on December 10, 2018. (ECF No. 52.) Williamson did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

On January 30, 2020, the World Health Organization ("WHO") declared that an outbreak of coronavirus 2 (SARS-CoV-2) was a Public Health Emergency of International Concern and further declared it was a pandemic on March 11, 2020.[4] WHO, https://www.who.int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov) (last visited May 7, 2020). As of April 15, 2021, there are more than 31.4 million reported cases of COVID-19 in the United States and more than 138.5 million reported cases worldwide, resulting in approximately 3,000,000 deaths. *COVID-19 Dashboard by the Ctr. for Syss. Sci. & Eng'g at Johns Hopkins Univ.*, https://gisanddata.maps.arcgis.com/apps/opsdashboard/index.html#/bda75

---

[3] 18 U.S.C. § 371 provides that "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

[4] "The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing pandemic of coronavirus disease 2019 ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2)." *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic#cite_note-auto-5 (last visited May 7, 2020). The COVID-19 virus is primarily spread "from person to person through small droplets from the nose or mouth, which are expelled when a person with COVID-19 coughs, sneezes, or speaks." *WHO*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/question-and-answers-hub/q-a-detail/q-a-coronaviruses (last visited May 7, 2020). People may also become infected by touching a contaminated surface and then touching their eyes, nose, or mouth. *Id.* The COVID-19 virus is most contagious "within the first 3 days from the onset of symptoms," although spread may be possible before symptoms appear and in later stages of the disease. *Id.* at https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200402-sitrep-73-covid-19.pdf?sfvrsn=5ae25bc7_4 (last visited May 7, 2020).

94740f d40299423467b48e9ecf6 (last visited Apr. 15, 2021). As of April 15, 2021, "[t]here are 303 federal inmates and 1,051 BOP staff who have confirmed positive test results for COVID-19 nationwide." *Federal Bureau of Prisons*, https://www.bop.gov/coronavirus/ (last visited Apr. 15, 2021). At FCI Butner Medium I where Williamson is housed, 0 inmates and 0 staff members are dealing with positive COVID-19 symptoms. *Id.*

Williamson has filed three (3) Motions for Compassionate Release related to the COVID-19 pandemic. On April 7, 2020, Williamson filed his first Motion asking "to serve the remainder of his sentence in home confinement" because "of his susceptibility to an adverse outcome if he contracts COVID-19." (ECF No. 68 at 1.) On April 14, 2020, the court denied Williamson first § 3582 Motion because he admittedly had not fully satisfied § 3582(c)(1)(A)'s exhaustion requirement. (*See* ECF No. 69 at 5.)

On April 28, 2020, Williamson filed a second Motion for Compassionate Release. (ECF No. 71.) Williamson asserted that he had now "exhausted his administrative remedies" and the situation at FCI Butner "continues to get worse each day." (ECF No. 71 at 2.) Williamson further asserted that his "age and health condition puts him at intolerable risk for an adverse event if he contracts the [COVID-19] virus." (*Id.*) On May 18, 2020, the court denied Williamson's second § 3582 Motion because he was then currently symptomatic with the COVID-19 virus and, therefore, a very great danger to the community as a COVID-19 carrier. (ECF No. 82 at 9 (referencing ECF No. 78-2 at 1).)

Williamson filed his third Motion for Compassionate Release on October 5, 2020. (ECF No. 85.) He asserted that his underlying health conditions of type II diabetes mellitus, diabetic neuropathy, hypertension, and hyperlipidemia warranted his release due to his increased risk of severe COVID-19 illness. (ECF No. 85-1 at 8–9.) Williamson also noted that he had tested

negative for COVID-19. (*Id.* at 3.) On February 9, 2021, the court denied Williams third § 3582 Motion because he failed to meet "the high burden of demonstrating 'extraordinary and compelling' reasons that warrant compassionate release." (ECF No. 87 at 5.)

On February 22, 2021, Williamson filed the instant Motion for Reconsideration. (ECF No. 89.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides a federal district court sentencing judge with jurisdiction "to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies." *United States v. Kubinski*, NO. 3:93-CR-28-1H, 2020 WL 2475859, at *2 (E.D.N.C. May 13, 2020).

## III.    LEGAL STANDARD AND ANALYSIS

In the February Order, the court made the following observations in denying Williamson's third § 3582 Motion:

> Here, the court finds Defendant is not entitled to relief because he has not demonstrated "extraordinary and compelling" reasons for his release. A defendant must bear the burden of proof before a court can grant a motion for compassionate release. *Cf. United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). The court may modify the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In light of COVID-19, courts have construed this pandemic and the resulting severe illnesses as "extraordinary and compelling." *E.g., United States v. Salvagno*, No. 5:02-cr-51, 2020 WL 3410601 (S.D.N.Y. Apr. 23, 2020).
>
> Defendant stresses he is at an increased risk of serious illness because he suffers from type 2 diabetes mellitus, diabetic neuropathy, hyperlipidemia, and high blood pressure. (ECF No. 75 at 7-11.) It is true that type 2 diabetes increases the risk of severe COVID-19 illness, and high blood pressure might increase such risk according to the CDC. Yet the court finds these circumstances do not amount to "extraordinary and compelling" reasons to warrant his release. FCI Butner Medium I, the facility in which Defendant is housed, has zero active cases for inmates and only three active cases for staff. Further, although reinfection of COVID-19 is possible, the CDC notes such instances "remain rare." The court additionally notes

> that Defendant's other health conditions do not appear to increase the severity of possible illness. Defendant's age likewise does not place him in the highest categories of those at risk of hospitalization or death.
>
> Lastly, the BOP has implemented a Modified Operations Plan to combat the spread of COVID-19. This Modified Operations Plan includes restricting legal visits, visitation, tours, and volunteers; cancelling all official staff travel; screening all staff and inmates; and maximizing social distancing and limiting movement for inmates.
>
> In sum, while the court is sympathetic to Defendant's concerns regarding COVID-19, the court finds he has not met the high burden of demonstrating "extraordinary and compelling" reasons that warrant compassionate release.

(ECF No. 87 at 4–5.) In seeking reconsideration of the February Order, Williamson points to the medical records (ECF No. 89-1) attached to his Motion and argues that they demonstrate extraordinary and compelling reasons for his release by conveying information regarding his post-COVID-19 elevated blood pressure readings and the numerous medications he was taking to try to control it. (ECF No. 89 at 1.) In this regard, Williamson asserts that he should be granted compassionate release in accordance with current Centers for Disease Control and Prevention guidelines based on his high blood pressure, hyperlipidemia, diabetes mellitus, neuropathy, and status as a federal prisoner. (*Id.* at 2.)

"The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration." *United States v. Fuentes-Morales*, Crim. Action No.: 5:14-cr-00556-JMC, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017). "However, the rules and federal case law do recognize such motions can be proper in a criminal setting." *Id.* (citing Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting)). The court

5

also looks to the Federal Rules of Civil Procedure for guidance. *Id.*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Upon its review, the court observes that Williamson's arguments do not fit neatly into any one of the grounds for relief under Rule 59. However, this failure is negligible because a remedy under Rule 59 is unavailable to Williamson. Essentially, Williamson's argument is that his medical documentation demonstrates his high blood pressure and, therefore, he should be compassionately released. The court specifically considered Williamson's high blood pressure in the February Order and determined that it and his other medical ailments were not enough to demonstrate extraordinary and compelling reasons to reduce his sentence. In this regard, the instant Motion is properly viewed as a rehash of issues already ruled upon because Williamson is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating

that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, No. 1:06cv956 (JCC), 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). As a result, the court is not persuaded that it should reconsider the February Order.

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant Douglas Wade Williamson's Motion for Reconsideration. (ECF No. 89.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 19, 2021
Columbia, South Carolina

7